**FILED**
**FEBRUARY 21, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IRAIS FUENTES, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | Magistrate Judge |
| LAW OFFICES OF IRA T. NEVEL and | ) | |
| IRA T. NEVEL, INDIVIDUALLY | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**08 C 1075**

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE DENLOW**

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff, Irais Fuentes ("Mrs. Fuentes"), brings this action to secure redress against unlawful credit and collection practices engaged in by Defendant Law Offices of Ira T. Nevel and Ira T. Nevel (Collectively "Defendants"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA") based upon Defendants' false, misleading, and/or deceptive representation and/or implication that nonpayment of her debt would result in the sale of her property, even though sale of her property would not be lawful under the circumstances. Also, Defendants threatened and pursued an action, namely foreclosure, which could not legally be taken, even after notification that the action could not legally be taken. The FDCPA is broad in its prohibition of unfair or unconscionable collections methods including the use of any false, deceptive or misleading statements in connection with the collection of a debt. The FDCPA also prohibits threatening legal action that cannot be taken, and the collection of any amount of money not authorized by an agreement or permitted by law.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over Defendants in this District is proper because:

    a. Mrs. Fuentes resides within the District;

    b. On information and belief, Defendant Ira T. Nevel resides within the District;

    c. Defendant Ira T. Nevel transacts business within the District by filing pleadings and representing clients; and

    d. Defendant Law Offices of Ira T. Nevel has its only office within the District and transacts business within the District by filing pleadings and representing clients.

**PARTIES**

4. Mrs. Fuentes is an individual who resides in the District.

5. Defendant Law Offices of Ira T. Nevel is not registered as a corporation or LLC with the Illinois Secretary of State. Ira T. Nevel is the owner of Law Offices of Ira T. Nevel.

6. On information and belief, Defendant Ira T. Nevel is an individual who resides in the District.

7. Defendants are debt collectors as defined by the FDCPA § 1692a(6) and thereby are subjected to the Act when engaged in debt collection efforts such as the filing of a foreclosure action against Plaintiff.

**FACTS**

7. On February 21, 2007, Defendants filed a foreclosure suit against Plaintiff Irais Fuentes, Carlos Fuentes, non-record claimants, and unknown claimants, which was verified as true and correct by Ira T. Nevel.

8. Illinois law requires plaintiffs in a mortgage foreclosure suit to plead the capacity in which the foreclosure is brought. 735 ILCS 5/15-1504(a). In the complaint, Defendants claim that the mortgage and note were executed in the favor of their client or in favor of "its predecessors."

9. In fact, at the time Defendants filed their foreclosure action, their client did not have the legal right to foreclose on Mrs. Fuentes because the mortgage and note had not yet been assigned to their client.

10. The assignment to Defendants' client was finally executed on March 1, 2007 and was not filed with the Cook County Recorder of Deeds until March 6, 2007.

11. On April 19, 2007, Mrs. Fuentes, through counsel, filed a Motion to Dismiss the foreclosure complaint because, among other grounds, the Defendants' client lacked standing at the time the foreclosure was filed.

12. On May 27, 2007, while the Motion to Dismiss was pending, Carlos Fuentes, Mrs. Fuentes' husband, passed away. A Motion to Suggest Death of Record was filed on June 18, 2007, and was granted on June 25, 2007.

13. Because of the passing of Mr. Fuentes, the Motion to Dismiss did not proceed to hearing.

14. On August 31, 2007, a second Motion to Dismiss was filed on many grounds, again including the lack of standing to file the foreclosure.

15. The second Motion to Dismiss was first heard on October 3, 2007, and a briefing schedule was established. Defendants Ira T. Nevel and Law Offices of Ira T. Nevel filed their response on behalf of their client according to the briefing schedule, and Irais Fuentes filed her reply according to the briefing schedule.

16. This matter was scheduled to be heard before the Honorable Jesse Reyes on November 14, 2007, at which time Defendant Ira T. Nevel and counsel for Mrs. Fuentes presented their oral arguments regarding the second Motion to Dismiss.

17. The Court took the matter under advisement on November 14, 2007 and has not yet issued a ruling.

## COUNT I
## FDCPA § 1692f

18. Mrs. Fuentes incorporates and re-alleges paragraphs 1-17 above.

19. 15 U.S.C. § 1692f in pertinent part provides:

    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

20. Defendants Ira T. Nevel and Law Offices of Ira T. Nevel violated 15 U.S.C. §§ 1692f, f(1).

## COUNT II
## FDCPA § 1692e(2)(A)

21. Plaintiff incorporates paragraphs 1-20 above.

22. 15 U.S.C. §1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and sets forth activities that violate this section, including 15 U.S.C. §1692e(2).

23. 15 U.S.C. §1692e(2) provides in pertinent part that a debt collector violates this section with the following activity:

    The false representation of—

       (A) the character, amount, or legal status of any debt

4

24. The claim in the foreclosure action against Mrs. Fuentes that Defendants' client was assigned the debt was a false representation of the character, amount, or legal status of the debt.

25. This claim was verified by Defendant Ira T. Nevel and filed by Defendant Law Offices of Ira T. Nevel.

26. Defendants violated 15 U.S.C. §1692e(2)(A).

## COUNT III
## FDCPA § 1692e(5)

27. Plaintiff incorporates paragraphs 1-26 above.

28. 15 U.S.C. §1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and sets forth activities that violate this section, including 15 U.S.C. §1692e(2).

29. 15 U.S.C. §1692e(5) provides in pertinent part that a debt collector violates this section with the following activity:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

30. Defendants Ira T. Nevel and Law Offices of Ira T. Nevel threatened and took and action that could not legally be taken when it filed the foreclosure prior to the mortgage and note being assigned to their client.

31. Defendants violated 15 U.S.C. §1692e(5).

WHERFORE, Plaintiff Irais Fuentes requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendants Ira T. Nevel and Law Offices of Ira T. Nevel for:

    (1)    Statutory damages; and

    (2)    Attorney's fees, litigation expenses and costs of suit.

Respectfully submitted,

s/ Laura K. Bautista_____
Laura K. Bautista

Laura K. Bautista
205 W. Monroe, 4th Floor
Chicago, IL 60606
(773) 512-5796 (TEL)
Attorney number: 6289023

bautista.laura@gmail.com
*Lead Counsel for Plaintiff*

s/ Laura K. Bautista on behalf of Kelli Dudley_
Kelli Dudley

Kelli Dudley
9130 S. Houston, LL
Chicago, Illinois 60637
(708) 229-2420 (TEL)
*Co-counsel for Plaintiff*

**JURY DEMAND**

Plaintiff demands a trial by jury.

                                      Respectfully submitted,


                                      s/ Laura K. Bautista
                                      Laura K. Bautista

Laura K. Bautista
205 W. Monroe, 4th Floor
Chicago, IL 60606
(773) 512-5796 (TEL)
Attorney number: 6289023
bautista.laura@gmail.com
*Lead Counsel for Plaintiff*

                                      s/ Laura K. Bautista on behalf of Kelli Dudley
                                      Kelli Dudley

Kelli Dudley
9130 S. Houston, LL
Chicago, Illinois 60637
(708) 229-2420 (TEL)
*Co-counsel for Plaintiff*