## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IRAIS FUENTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 07 C 1075 |
| | ) | |
| LAW OFFICES OF IRA T. NEVEL and IRA | ) | Judge Gotschall |
| T. NEVEL, INDIVIDUALLY, | ) | |
| | ) | Magistrate Judge Denlow |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO QUASH SERVICE
### AND TO VACATE JUDGMENT

NOW COMES DEFENDANTS, Law Offices of Ira T. Nevel and Ira T. Nevel (collectively referred to as "Defendants"), by an through their counsel, Noonan & Lieberman, and pursuant to Federal Rules of Civil Procedure 4(e) and 12(b)(4) move this court to quash service of summons on Defendants and pursuant to Federal Rules of Civil Procedure 55(c), 59(e) and 60(b)(1) and (4) move this court to vacate the judgment entered against Defendants on May 21, 2008, and in support thereof, states as follows:

1.       Plaintiff filed the instant action on February 21, 2008.

2.       Plaintiff purportedly served Defendants by personal service on Ira T. Nevel on April 17, 2008, by serving Mr. Nevel in the hallway of Circuit Court of Cook County, Illinois, at the Richard J. Daley Center, on the 28th floor while he was appearing on another matter.

3.       "Attorneys are immune from service of process in one suit while in attendance in connection with the conduct of another."  Federal Procedure, Lawyers Edition, Process § 65:30 (citing *Lamb v. Schmitt*, 285 U.S. 222, 52 S. Ct. 317, 76 L. Ed. 720 (1932)).

4.    "At common law, an attorney was exempt from the service of civil process while attending court."  American Jurisprudence, Second Edition, Process § 35 (citing *Long v. Ansell*, 293 U.S. 75, 55 S. Ct. 21, 79 L. Ed. 208 (1934).

5.    "A motion under Rule 60(b)(4) is an extraordinary remedy to be granted only in exceptional circumstances. *In re Whitney-Forbes, Inc.,* 770 F.2d 692, 696 (7th Cir. 1985). Generally, a judgment is void if the court lacked subject matter jurisdiction or personal jurisdiction. *Id.* A court lacks personal jurisdiction over a defendant if he was not properly served. *Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.,* 126 F.R.D. 48, 51 (N.D.Ill.1989). As a result, a default judgment obtained after improper service is void. *Id.; In re Haas,* Nos. 01-71295, 01-7103, 2004 WL 513770, at *2 (Bankr.C.D.Ill. Mar. 15, 2004); *Mountain Nat'l Bank v. Brackett (In re Brackett),* 243 B.R. 910, 913 (Bankr.N.D.Ga.2000). If a court finds a judgment void, the court must vacate the judgment under Rule 60(b)(4), it does not have discretion as it would under any other section of Rule 60(b). *Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 398, 400 (7th Cir. 1986); *United States v. Indoor Cultivation Equip. From High Tech Indoor Garden Supply,* 55 F.3d 1311, 1317 (7th Cir., 1995), *overruled on other grounds by Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 394-95, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The party moving to vacate a default judgment under Rule 60(b)(4) has the burden of proof. *Bally Export Corp.,* 804 F.2d at 401."  *In re Outboard Marine Corp.*, 369 B.R. 353, 358 (Bankr.N.D. Ill. 2007).

6.    Mr. Nevel was purportedly served while in court.  He was handed documents by another attorney who informed him that Kelli Dudley asked him to give

Mr. Nevel copies of the complaint. Mr. Nevel also asked this attorney if he was being served to which the attorney responded, "absolutely not."

7.      As Mr. Nevel was immune from service of process while in court, the purported service effectuated on the Defendants was void and should be quashed.

8.      Since service was not proper, this court was without personal jurisdiction to enter a default judgment against the Defendants, and thus the judgment should be vacated.

9.      Moreover, and in alternative to the above arguments, this court should vacate the default judgment against Defendants as they have moved quickly to vacate the default and they have a meritorious defense to the complaint.

10.     "In order to vacate an entry of default, the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) a meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.,* 28 F.3d 42, 45 (7th Cir. 1994); *O'Brien v. R.J. O'Brien & Assoc., Inc.,* 998 F.2d 1394, 1401 (7th Cir, 1993); *United States v. Di Mucci,* 879 F.2d 1488, 1495 (7th Cir. 1989).

11.     Defendants have good cause for vacating the default judgment entered against them on May 21, 2008. Plaintiff's counsel moved for default judgment on May 19, 2008 and noticed the hearing for May 21, 2008. Plaintiff's counsel sent the motion to Defendants via certified mail on May 20, 2008. See Exhibit A. The motion was not delivered to Defendants until May 22, 2008, one day after the motion for default judgment was heard. See Exhibit B.

12.    Defendants have taken quick action to vacate this default by retaining the undersigned counsel and by filing the instant motion within 10 days of entry of the default judgment.

13.    Defendants have a meritorious defense to Plaintiff's claim that they violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

14.    Plaintiff claims Defendants violated § 1692f by seeking to collect an amount not authorized, however, the Complaint to Foreclose Mortgage only sought to collect amounts authorized by the note and mortgage executed by Irais Fuentes.

15.    Plaintiff claims Defendants violated § 1692e(2)(A) by filing the foreclosure in the name of Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank") despite the fact an assignment of mortgage was not recorded at the time the foreclosure was filed.  However, there is no requirement under Illinois law that an assignment of mortgage be recorded.  *See, Federal Nat. Mortg. Ass'n v. Kuipers*, 314 Ill.App.3d 631, 638, 732 N.E.2d 723, 729, 247 Ill.Dec. 668, 674 (2nd Dist. 2000) (finding that failure to record assignment of mortgage may expose mortgagee to having lien extinguished as an unknown owner in a foreclosure action but not affecting the validity or priority of the mortgage lien.)  *See also, Community Bank of Greater Peoria v. Carter*, 283 Ill.App.3d. 505, 508, 669 N.E.2d 1317, 1319, 218 Ill.Dec. 791, 793 (1st Dist. 1996) (under Illinois law, the well-established rule is that no particular words are required to create a valid assignment so long as the intent to transfer is evident) and *In re Cook*, 457 F.3d 561, 567 (6th Cir. 2006) (failure to record assignment of mortgage does not avoid lien in bankruptcy context.)  Moreover, there is no requirement the Illinois Mortgage Foreclosure Act, 735 ILCS 5/15-1101, *et seq.* ("IMFL"), that a mortgagee attach a copy

of a recorded assignment of mortgage (let alone a *recorded* mortgage). IMFL sets forth a form complaint at § 15-1504(a) which is used in a substantially similar form is deemed sufficient for pleading purposes. "A foreclosure complaint need contain only such statements and requests called for by the form set forth in subsection (a) of Section 15-1504 as may be appropriate for the relief sought." 735 ILCS 5/15-1504(b). Thus, the IMFL does not require a mortgagee to plead the existence of an assignment or attach a copy of same.

16.    The mortgage under which Defendants were foreclosing was sold as part of a bulk transfer to Deutsche Bank effective December 23, 2005. Thus, at the time of the foreclosure, the plaintiff in the foreclosure action had standing to bring the suit. However, Deutsche Bank was required to attach a copy of an assignment of mortgage to prove its standing to bring suit.

17.    Plaintiff's final contention is that Defendants violated § 1692e(5) by threatening to take action which could not legally be taken. This is presumably based on the Plaintiff's argument that no assignment of mortgage was recorded to Deutsche Bank at the time the foreclosure was filed. Again, Deutsche Bank owned the loan for some time prior to the initiation of the foreclosure action and thus they legally had standing to file the foreclosure action as the plaintiff.

18.    As Defendants have shown good cause, quick action, and a meritorious defense the default judgment entered against them should be vacated and held for naught.

WHEREFORE, Defendants, Law Offices of Ira T. Nevel and Ira T. Nevel, pray this Court enter an order quashing service and declaring the default judgment void or in the alternative set aside the order of default and vacate the default judgment and allowing Defendants 20 days to answer or otherwise plead to the Complaint.

Respectfully submitted,

Law Offices of Ira T. Nevel and Ira T. Nevel

By: _/s/ Jonathan D. Nusgart
        One of its attorneys

Jonathan D. Nusgart
James V. Noonan
Noonan & Lieberman
105 W. Adams Street
Suite 3000
Chicago, IL 60603
312/431-1455

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to L.R. 5.9, the undersigned certifies that a true and correct copy of the foregoing **DEFENDANTS' MOTION TO QUASH SERVICE AND TO VACATE JUDGMENT** was electronically served via the CM/ECF system on May 30, 2008, to the following counsel of record:

Laura K. Bautista
e-mail:  bautista.laura@gmail.com

  /s/   Jonathan D. Nusgart      .