**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IRAIS FUENTES, | ) | |
| | ) | Case No. 08 C 1075 |
| Plaintiff, | ) | |
| | ) | Judge Joan B. Gotschall |
| v. | ) | |
| | ) | Magistrate Judge Denlow |
| LAW OFFICES OF IRA T. NEVEL and | ) | |
| IRA T. NEVEL, INDIVIDUALLY | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION TO QUASH SERVICE AND VACATE DEFAULT JUDGMENT**

Now Comes Irais Fuentes ("Mrs. Fuentes"), Plaintiff herein, through her attorneys Laura K. Bautista and Law Office of Kelli Dudley, and for her Response to Defendants' Motion to Quash Service and Vacate Default Judgment states as follows:

**INTRODUCTION**

On February 21, 2008 Mrs. Fuentes filed this action seeking redress against unlawful credit and collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA") engaged in by Ira Nevel and the Law Offices of Ira T. Nevel in attempting to collect on a mortgage through foreclosure proceedings when their client did not have rights to the debt at that time. Defendants threatened that nonpayment of her debt would result in the sale of her property, even though sale of her property would not be lawful under the circumstances.

Mrs. Fuentes filed her Complaint on February 21, 2008. Shortly thereafter, Plaintiff sent the waiver of service of summons via regular U.S. Mail in compliance with Fed. R. Civ. P. 4(d)(1)(A)-(G) to Mr. Nevel and Law Offices of Ira T. Nevel.

On March 10, 2008, this Court scheduled this case for status on April 30, 2008 at 9:30 a.m. and ordered Mrs. Fuentes to advise Defendants of the status hearing. On March 12, 2008, Mrs. Fuentes sent this order to Defendants along with a cover letter informing the Defendants that they still must appear in Court even if they have not answered and that if they do not complete the waiver of service, Mrs. Fuentes would proceed with service by formal means. Defendants did not respond to Mrs. Fuentes' letter and, as a result, Mrs. Fuentes arranged for Defendants to be personally served pursuant to Fed. R. Civ. P. 4(a)(1)(A)-(G). On March 13, 2008, Defendants filed a motion in the state court case of *Deutsche Bank v. Fuentes*, case number 07 CH 4878. Defendants' Motion requested the state court schedule a date to rule on Mrs. Fuentes' Motion to Dismiss. Defendants', in their motion, included this federal court proceeding as part of the support for their motion. Defendants had actual knowledge of this case long before they were served, but still failed to appear.

Defendants were served on April 17, 2008 in the hallway of the Daley Center, which was the status date for Mr. Nevel's motion in Deutsche Bank v. Fuentes.

Defendants did not appear in Court at the status hearing on April 30, 2008. Defendants had until May 7, 2008 to file an appearance and any responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(i). On May 19, 2008, Mrs. Fuentes filed her Motion for Default Judgment set to be heard on the scheduled status date of May 21, 2008. Plaintiff gave Defendants notice of this motion, although she was not required by the federal rules to do so. On May 21, 2008, this Court entered a Final Default Judgment against Defendants.

Defendants' filed their appearance and Motion to Quash Service and for Default Judgment on May 30, 2008 alleging that Defendants were not properly served, that they were not given proper notice of the motion for default judgment, and that they have good cause to

vacate the default judgment.  Defendants' Motion should be denied in its entirety as it misstates the law regarding alleged attorney immunity for service of process and it misstates the standard of proof required to overcome a default judgment.

### ARGUMENT

Service on Defendants was proper and should not be quashed.  No immunity protecting attorneys from service of process while in court for other proceedings exists.  Attorneys, judges, and others are immune from arrest while attending court and traveling to and from court, but they are not immune from civil process.  705 ILCS 205/9; Lexecon, Inc. v. Milberg Weiss Bershad Specthrie & Lerach, 1993 WL 179789 *4.  The case Defendants cite in support of this immunity is from 1934, and has since been overruled by this legislation.

### DEFAULT JUDGMENT WAS PROPER AND SHOULD NOT BE VACATED

Similarly, Defendants do not properly cite the standard for vacating a default judgment.  Defendants are confusing the rules regarding vacating an entry of default and those regarding vacating a default judgment.  A default may be set aside for good cause, but a default judgment may only be set aside pursuant to Rule 60(b).  Fed. R. Civ. Pro. 55(c).  Defendants correctly state that in order to vacate an entry of default, all one needs to show is good cause, quick action to correct, and a meritorious defense.  United States v. Di Mucci, 879 F.2d 1488, 1495 (7th Cir. 1989).  Defendants may have met these burdens, however, Rule 60(b) only allows a default judgment to be vacated when the defendant can show one of the following: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party, (4) the judgment is void.

Defendants have failed to produce evidence sufficient to warrant vacating the default judgment. Starting from the end of the list, the judgment entered is not void. Defendants were properly served and chose not to appear in Court. Second, no fraud was perpetrated by Mrs. Fuentes. Defendants did not even plead fraud on Mrs. Fuentes' behalf. Third, Defendants have presented no new evidence to the Court that could not have been discovered if they had exercised due diligence. This only leaves one more way to undue a default judgment, by producing evidence of mistake, inadvertence, surprise, or excusable neglect.

Defendants should not be granted the relief requested because their conduct was willful. A default judgment is appropriate, and should not be vacated, if the "defaulting party exhibited a willful refusal to litigate the case properly." Davis v. Hutchins, 321 F.3d 641, 646 (7th Cir. 2003). Defendants have "willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court," therefore default judgment is appropriate. Id. Ira T. Nevel is an attorney, licensed in Illinois. He runs his own law practice throughout the state of Illinois. Additionally, Mr. Nevel filed a motion in state court more than two months before the default judgment was entered that demonstrated his knowledge of the federal court proceedings. If anyone should know the responsibilities of litigation, and the dangers of not filing an appearance, it is Mr. Nevel.

**DEFENDANTS WERE PUT ON PROPER NOTICE OF THE DEFAULT**

Mr. Nevel's final point is that he did not receive notice of the motion for default judgment. First, this is not a reason to vacate a default judgment because he was not entitled to notice. Defendants did not deserve service as they were already in default. Pursuant to Rule 5(2), no service is required on a party who is in default for failing to appear, unless the pleadings assert new or additional claims. Fed. R. Civ. Pro. 5(2), Appleton Elec. Co. v. Graves

4

Truck Line, Inc., C.A.7 (Ill.) 1980, 635 F.2d 603, certiorari denied 101 S.Ct. 2058, 451 U.S. 976, 68 L.Ed.2d 357.  Defendants' were required to file and appearance and answer by May 7, 2008, which Mr. Nevel knew because he was personally served with summons, which stated the time limit for filing an appearance on its face.

## CONCLUSION

Defendants Ira Nevel and Law Offices of Ira Nevel has sufficient notice of these proceedings, as they demonstrate with their state court filings.  Furthermore, the Defendants were properly served as attorneys are not immune from service while attending court.  Defendants have failed to produce evidence to support vacating pursuant to Rule 60(b), as there is no mistake, new evidence, or fraud and the judgment is valid.  Defendants were in default for over four weeks prior to filing their motion, and therefore Plaintiff was not required to provide notice, although she did.

WHEREFORE Plaintiff requests this Honorable Court deny the relief requested by Defendants.

                                        Respectfully submitted,

                                        s/ Laura K. Bautista_____
                                        Laura K. Bautista

Laura K. Bautista
205 W. Monroe, 4th Floor
Chicago, IL 60606
(773) 512-5796 (TEL)
Attorney number: 6289023
bautista.laura@gmail.com
*Lead Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Laura K. Bautista, hereby certify that on June 19, 2008, a copy of this Motion and certificate were filed electronically using the Court's CM/ECF system, which automatically will send notice to those parties who have appeared and are so registered.

| | |
|---|---|
| James V. Noonan | Jonathan Daniel Nusgart |
| jnoonan@noonanandlieberman.com | jnusgart@noonanandlieberman.com |

Respectfully submitted,

s/ Laura K. Bautista_____
Laura K. Bautista

Laura K. Bautista
205 W. Monroe, 4th Floor
Chicago, IL 60606
(773) 512-5796 (TEL)
Attorney number: 6289023
bautista.laura@gmail.com
*Lead Counsel for Plaintiff*