**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IRAIS FUENTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 07 C 1075 |
| | ) | |
| LAW OFFICES OF IRA T. NEVEL and IRA T. NEVEL, INDIVIDUALLY, | ) ) | Judge Gotschall |
| | ) | Magistrate Judge Denlow |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO QUASH SERVICE AND TO VACATE JUDGMENT**

NOW COMES DEFENDANTS, Law Offices of Ira T. Nevel and Ira T. Nevel (collectively referred to as "Defendants"), by and through their counsel, Noonan & Lieberman, and in support of Defendants' Motion to Quash Service and Vacate Judgment, states as follows

1. In her response Plaintiff contends that Defendants have not met their burden to have the default judgment vacated. Plaintiff also contends that an attorney is not immune from personal service in court and cite a statute in support of their contention.

2. The statute cited by Plaintiff, 705 ILCS 205/9, does not state an attorney is not immune from service of summons while in court, only that an attorney is privileged from arrest while traveling to or from court or while in court. This case does not involve arrest and therefore that statute is not relevant to the instant proceedings.

3. To rebut the cases cited by Defendants in their motion, Plaintiff merely asserts the case is from 1934. This does not distinguish the case or show that it has been overruled or reinterpreted. There are much older Supreme Court cases which are still

good law and Defendants would thus note that *Lamb v. Schmitt*, 285 U.S. 222, 52 S. Ct. 317, 76 L. Ed. 720 (1932) and *Long v. Ansell*, 293 U.S. 75, 55 S. Ct. 21, 79 L. Ed. 208 (1934) are time tested cases.

4. Plaintiff also posits that Defendants are not entitled to have the default judgment vacated.

5. The standard for vacating a default judgment under either Rule 55(c) or Rule 60(b)(1) of the Federal Rules of Civil Procedure are the same, although those standards are applied more stringently when a party seeks to vacate a judgment rather than an order. *See, Davis v. Hutchins,* 321 F.3d 641, 646 (7th Cir. 2003); *Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir. 1994). *See also, Pretzel & Stouffer v. Imperial Adjusters, Inc.,* 28 F.3d 42 (7th Cir. 1994).

6. "In order to vacate an entry of default, the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) a meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.,* 28 F.3d 42, 45 (7th Cir. 1994); *O'Brien v. R.J. O'Brien & Assoc., Inc.,* 998 F.2d 1394, 1401 (7th Cir, 1993); *United States v. Di Mucci,* 879 F.2d 1488, 1495 (7th Cir. 1989).

7. In her Response, Plaintiff essentially concedes Defendants have met their burden as enumerated above. (Plaintiff's response, p. 3, "Defendants may have met these burdens, . . .) Plaintiff then argues that Defendants conduct was willful, despite conceding Defendants met the burden for vacating the default judgment.

8. Plaintiff also argues that since defendant Ira Nevel is an attorney, his failure to litigate is therefore willful. This is not the standard to determine willful conduct. Also, as noted in Defendants' motion, at paragraph 6, the attorney who

purportedly "served" Mr. Nevel in court also informed Mr. Nevel that he was not being served, leaving Mr. Nevel to believe that this was merely informational.[1]

9. Mr. Nevel does not dispute he was aware of the suit, only that he was properly served, as he was told he was not being served. This does not abrogate Plaintiff's requirement to provide Defendant with their due process rights of notice and an opportunity to be heard.

10. In the response, Plaintiff also states that Defendants were not entitled to notice, and in support thereof cites *Appleton Elec. Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 611 (7th Cir. 1980). However, in *Appleton Elec. Co.*, the plaintiff actually served the defendant with the proposed order. In the case at bar, Defendants were not served with a proposed order and were not served with the motion until after the hearing.

11. Moreover, even if Defendants were not entitled to notice, Plaintiff should not be rewarded by voluntarily undertaking service of the notice and then misrepresenting to the court that the notice was properly served.

12. There has been no showing of a willingness not to defend by the Defendants. Rather, Defendants have demonstrated that Plaintiff has deceived them regarding the purported service while in the Circuit Court of Cook County, Illinois, and by serving notice of the motion for default judgment after the hearing on the default judgment.

---

[1] Defendants would also note the summons served on Mr. Nevel did not comport with Federal Rule 4(a). A copy of the "summons" purportedly served on Mr. Nevel is attached hereto as Ex. A.

3

13. Defendants have thus shown good cause, a meritorious defense and quick action after being notified of the default judgment. Plaintiff, in her response, has failed to rebut these showings as made in the motion. Moreover, vacating the default judgment would not prejudice the Plaintiff in any way.

14. If Plaintiff has a meritorious cause of action, she should have to prove same before this court. The Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Board of Trustees of the University of Illinois*, 473 F. 3d 799, 811 (7th Cir. 2006) (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)).

15. In conclusion, Defendants request this court quash the service or vacate entry of the default judgment. Plaintiff has not demonstrated defendants are not entitled to immunity from service while in court. Alternatively, Defendants have met the requisite showing of vacating the default judgment. Thus, Defendants pray this court grant the motion and allow Defendants 20 days to answer or otherwise plead to the Complaint.

          Respectfully submitted,

          Law Offices of Ira T. Nevel and Ira T. Nevel

          By: /s/ Jonathan D. Nusgart
              One of its attorneys

Jonathan D. Nusgart
James V. Noonan
Noonan & Lieberman
105 W. Adams Street
Suite 3000
Chicago, IL 60603
312/431-1455

**CERTIFICATE OF SERVICE**

      Pursuant to L.R. 5.9, the undersigned certifies that a true and correct copy of the foregoing **DEFENDANTS' MOTION TO QUASH SERVICE AND TO VACATE JUDGMENT** was electronically served via the CM/ECF system on June 26, 2008, to the following counsel of record:

    Laura K. Bautista
    e-mail: bautista.laura@gmail.com


                          /s/   Jonathan D. Nusgart   .