**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IRAIS FUENTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08 C 1075 |
| v. | ) | |
| | ) | |
| LAW OFFICES OF IRA T. NEVEL and IRA T. NEVEL, | ) | Judge Joan B. Gottschall |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On May 21, 2008, more than a month after Defendants Ira T. Nevel and the Law Offices of Ira T. Nevel (collectively "Nevel") had been served, the court ordered default and default judgment against Nevel in the amount of $3,046.50. Nevel moved to quash service and to vacate the judgment on May 30, 2008. The court denied Nevel's motion via order dated November 14, 2008, and entered November 18, 2008 ("November 14 Order"). On November 25, 2008, Nevel moved the court to reconsider the November 14 Order.

In Nevel's original motion to vacate judgment and quash service, he stated in the opening paragraph that he was moving to vacate under Rules 55(c), 59(e), 60(b)(1), and 60(b)(4) of the Federal Rules of Civil Procedure. However, the motion developed only two arguments, one related to Rule 60(b)(4), the other related to Rule 55(c). The first was that the default judgment was void and should be set aside pursuant to Rule 60(b)(4) because service had not been properly effected. For the reasons stated in the November 14 Order, service was proper, and the judgment was not void. Consequently, the court held that the requirements of Rule 60(b)(4) are not satisfied.

Nevel's second argument in his motion to vacate and to quash was that he was entitled to have the default set aside pursuant to Rule 55(c) because he could establish (1) good cause for default, (2) quick action to correct it, and (3) a meritorious defense. Nevel now argues in his motion to reconsider that this second argument was not addressed in any detail in the November 14 Order.

As a point of departure, Nevel misstates the appropriate standard. The standard cited above—good cause, quick action, and a meritorious defense—is the standard to set aside an order of default under Rule 55(c), not a final default judgment under Rule 60(b). *See* Fed. R. Civ. P. 55(c); 60(b); *Anilina Fabrique de Colorants v. Aakash Chemicals & Dyestuffs, Inc.*, 856 F.2d 873, 876 n.5 (7th Cir. 1988). The Rule 60(b) standard is more exacting than the "good cause" standard of Rule 55(c). *See Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007).

Relief from a final default judgment is possible only for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Again, as stated in the November 14 Order, the requirements of Rule 60(b)(4) are not satisfied.

Nevel has not provided any specific argument that subsections (1), (2), (3), (5), or (6) apply. Nevertheless, Nevel's "good cause" argument—that he had a good faith (but mistaken) belief that he had not been properly served, had good cause to not appear and therefore should be excused from default—is analogous to a claim under Rule 60(b)(1), which includes situations of mistake, inadvertence, surprise, or excusable neglect. Furthermore, Nevel's original motion to vacate and quash did specifically cite Rule 60(b)(1) in its opening paragraph. The court will therefore consider Nevel's claim under Rule 60(b)(1).

Nevel argues that he misapprehended his obligations under the law—*to wit*, that he had not been legally served and therefore did not have any obligation to appear in this case—and now seeks to be excused for this error. Ignorance as to the law, or as to one's possible liability under the law, is an insufficient reason to set aside a final judgment under Rule 60(b)(1). *See Rateree v. Rockett*, 668 F. Supp. 1155, 1159 (N.D. Ill. 1987) ("Ignorance of the rules is not enough, nor is ignorance of the law.") (quoting 11 Wright & Miller, Federal Practice and Procedure: § 2858 (1973)). The discussion in *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442 (10th Cir. 1983) is particularly helpful. Defendant Bielenberg was sued for collection of a debt. *Id.* at 1444. Believing he was not liable for the debt, Bielenberg did not enter an appearance, notwithstanding the fact that he was well aware the plaintiff in that action was seeking to collect from Bielenberg. *Id.* A default and a default judgment were entered against Bielenberg, and he moved to set aside the judgment pursuant to Rule 60(b)(1). The district court, and then the Tenth Circuit, denied Bielenberg's motion, finding that Bielenberg's misapprehension of the law was insufficient to justify setting aside a default judgment. *Id.* at 1446.

The same conclusion applies here. Nevel is a lawyer, and is assumed to be well aware of the possible consequences of a default judgment. Nevel does not dispute that he was aware of this action, and the court concluded that he was properly served notwithstanding his objection to the same. He miscalculated as to the consequences of his not appearing in this case. Assuming *arguendo* that Nevel's misapprehension was reasonable, such a mistake is simply not sufficient to set aside a default judgment under Rule 60(b)(1).

Nevel also points out that "[t]his Circuit has a well established policy favoring a trial on the merits over a default judgment," and that "a default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citation omitted). This does not provide a separate reason to set aside the judgment here. There is a significant difference between parties who fail to appear altogether and parties who appear but fail to conform with the rules of procedure; the latter can (hopefully) be brought into compliance via sanctions less harsh than an outright default judgment; the former cannot. Once the decision to enter a default judgment has been made, "relief from a default judgment under Rule 60(b) must be perceived as an exceptional remedy." *N. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co., Inc.*, 842 F.2d 164, 167 (1988). The entry of default judgment here, more than a month after Nevel was properly served, was proper, and there is nothing exceptional that would justify setting that determination aside.

In sum, it is undisputably Nevel's, and every defendant's, right to demand that service be effectuated properly before he can be required to appear to defend himself. Nevel does not dispute that he was avoiding this proceeding until proper service had been made. He erred as to

what constituted proper service, and he ignored clear Illinois law stating that service was proper, law that he should have been able to quickly discover before the default judgment was entered. When a party acts intentionally but erroneously, such mistake or neglect will not be remedied by Rule 60(b)(1). *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *United States v. An Undetermined Quantity of an Article of Drug Labeled as Benylin Cough Syrup*, 583 F.2d 942, 946–47 (7th Cir. 1978).

Nevel does not satisfy the requirements of Rule 60(b)(1) or (b)(4). Because the other subsections of Rule 60(b) were not argued by Nevel, they are not considered. Nevel's motion to reconsider is granted in part to the extent that this order supplements the November 14 Order, but Nevel's underlying motion to vacate the judgment and/or to quash service is denied.

                              ENTER:

                              /s/
                            JOAN B. GOTTSCHALL
                            United States District Judge

DATED: December 16, 2008